880 F.2d 414
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David A. KERSH, Plaintiff-Appellant,
v.
DAYTON HUDSON STORES, INC., Defendant-Appellee.
 No. 88-2143.
 United States Court of Appeals, Sixth Circuit.
 July 31, 1989.
 
 Before MERRITT and DAVID A. NELSON, Circuit Judges and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App. P. 34(a).
 
 
 2
 David Kersh appeals pro se the order granting summary judgment to the defendant in this diversity contract action, as well as orders denying his motions for partial summary judgment and reconsideration.
 
 
 3
 Seeking monetary damages, plaintiff sued defendant for breach of contract. The district court granted defendant's motion for summary judgment, concluding that plaintiff was bound by a stipulation which ratified the settlement in full of the account in question.
 
 
 4
 Upon consideration, we conclude that defendant was entitled to summary judgment, and that plaintiff's motion for partial summary judgment and reconsideration were without merit. Plaintiff raises several issues in his brief which do not affect the determination that the settlement was ratified by stipulation. Factual disputes regarding irrelevant issues do not preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The only pertinent argument raised by plaintiff is that the attorney who signed the stipulation was not authorized to do so. However, he failed to present any evidence in support of this allegation. A party opposing a motion for summary judgment is not entitled to a trial on the basis of mere allegations, but must present significant probative evidence. Gregg v. Allen-Bradley Co., 801 F.2d 859, 861 (6th Cir.1986). Plaintiff's motion for partial summary judgment was also meritless, as the stipulation expressly ratified the settlement in full of the account.
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit. Appellee's motion to strike the joint appendix and for imposition of sanctions is denied.